IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAROLD GRAYSON,<br>*Plaintiff,* | § § § | |
| v. | § § | CASE NO._____ |
| HARRIS COUNTY, TEXAS;<br>HARRIS COUNTY SHERIFF<br>ED GONZALEZ; AND<br>JERNARD A. SMITH,<br>*Defendants.* | § § § § § § | **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

NOW COMES HAROLD GRAYSON, Plaintiff, and makes this his ORIGINAL COMPLAINT against Defendants, HARRIS COUNTY, TEXAS; HARRIS COUNTY SHERIFF ED GONZALEZ; and JERNARD A. SMITH, and alleges as follows:

## INTRODUCTION

1. This is a civil rights action for Constitutional violations and personal injuries suffered by Plaintiff HAROLD GRAYSON ("Plaintiff") because of the actions and inactions of HARRIS COUNTY, TEXAS; HARRIS COUNTY SHERIFF ED GONZALEZ; and DETENTION OFFICER JERNARD A. SMITH, (collectively "Defendants"). Plaintiff brings this action for compensatory damages under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1983 and 1988 and the United States Constitution, particularly under the

provisions of the Due Process Clause and the Eighth and Fourteenth Amendments because Defendants deprived Plaintiff of his federally protected rights, privileges, and immunities.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claims of the Plaintiff in this action, under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1983 and 1988, the Due Process Clause, the Eighth and Fourteenth Amendments to the United States Constitution and supplemental jurisdiction under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) as material facts out of which this suit arises occurred within the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff, Harold Grayson, is a resident of Texas.

5. At the time pertinent to the incident and claims made the basis of this lawsuit, specifically February 26, 2021, Plaintiff was an individual in the custody of the Harris County Sheriff's Office at the Harris County Jail in Houston, Texas.

6. Plaintiff is no longer in custody.

7. Defendant Jernard Smith, is an individual employed by Harris County, Texas as a Detention Officer at the Harris County Jail, and he is sued in his individual capacity and acting under color of law.

8. Defendant Smith is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He was operating in the course and scope of his employment relationship with Harris County, pursuant to Harris County's customs, policies, and practices which were the moving force behind the constitutional violations asserted herein.

9. Defendant Smith may be personally served with process at the Harris County Sheriff's Office; 1200 Baker Street; Houston, Texas 77002 or wherever he may be found. Service on Defendant Smith is hereby requested.

10. Defendant Ed Gonzalez, is an individual employed by Harris County as the Harris County Sheriff and is sued in his individual capacity and acting under color of law.

11. Defendant Gonzalez is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

12. Defendant Gonzalez is the Harris County Sheriff and a resident of Harris County, Texas. At all times relevant to the instant cause, he was Harris County's policymaker, instituting customs, policies and practices, and he was the moving force behind the constitutional violations asserted herein.

13. Defendant Gonzalez may be personally served with process at the Harris County Sheriff's Office; 1200 Baker Street; Houston, Texas 77002. Service on Defendant Gonzalez is hereby requested.

14. Defendant, Harris County, is a local government subject to monetary damages claims under 42 U.S.C. § 1983 because its official policy or custom caused Harold Grayson to be deprived of state and federally-protected rights. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Harris County is a county in the State of Texas authorized by the laws of the State of Texas to operate the Harris County Jail. Defendant may be served with process by serving the County Judge of Harris County, Texas at 1001 Preston, St. 911; Houston, Texas 77002.

15. Harris County also operates a law enforcement agency, the Harris County Sheriff's Office, that among other duties, operates and controls the Harris County jail system, including the Harris County Jail. Harris County employed persons, including its policymaker Defendant Gonzalez, as Sheriff, and Defendant Smith, as a detention officer, who in the course and scope of their employment, were required to observe, watch over, and manage persons placed in custody within the Harris County Jail.

16. At all relevant times herein, Defendant Harris County acted under color of law and pursuant to certain customs, policies, and practices that were the

moving force behind the constitutional violations asserted herein. Harris County may be served through its attorney of record.

## FACTS

17. **Incident**: On February 26, 2021, Plaintiff was arrested in Harris County, Texas, on a warrant and taken to the Harris County Jail. In the process of placing Plaintiff in a holding cell, Defendant Smith exercised unlawful excessive force against Plaintiff which caused Plaintiff life-threatening and permanently debilitating injuries. Plaintiff was taken to Memorial Hermann Hospital where he was admitted under a false name, "Henry Gomez."

18. Plaintiff, then 34 years old, is a slightly built, male homosexual. Upon information and belief, Plaintiff's physical build sharply contrasts to that of Defendant Smith who as a senior in high school was 6'4" tall and weighed 330 pounds.

19. **Plaintiff's Injuries**: Plaintiff's injuries were significant. At the hospital, Plaintiff was diagnosed with a subdural hematoma caused by the head injury that he sustained at the hands of Defendant Smith at the Harris County Jail. Plaintiff underwent surgery, a craniotomy that was performed to relieve pressure from bleeding on Plaintiff's brain. Also, Plaintiff was fitted with a tracheostomy tube and a gastrostomy tube or G-tube were inserted. The G-tube was inserted through the wall of Plaintiff's abdomen into his stomach so that Plaintiff could be supplied with food, fluids, and medicine.



20. Plaintiff was not released from the hospital until March 14, 2021. At the time of his discharge from the Memorial Hermann Healthcare System, Plaintiff was issued prescriptions for occupational therapy, speech therapy, and physical therapy. Additionally, Plaintiff was issued a number of prescriptions for various medications and instructions for multiple follow-up medical consultations.

21. In addition to the follow-up prescriptions and consultations detailed above, Plaintiff has required extensive medical care since his release; he continues to suffer from headaches and other issues; and, he has required additional surgery to treat the injuries sustained as the result of Defendant Smith's use of excessive force.

22. **Recent Problems at the Harris County Jail**: The Sheriff's Office and the Harris County Jail have a long-standing history of problems, including incidents of excessive force against inmates. In May, 2021, Sheriff Gonzalez announced that he fired 11 officers and suspended six others for their roles in the February, 2021 death of Harris County Jail inmate Jaquaree Simmons. Simmons' death was ruled a homicide due to head injuries. The fired and suspended officers were found to have violated various policies, including using excessive force and not intervening when a fellow officer used force.

23. In 2017, five detention officers were indicted for their roles in the violent beating of Harris County Jail inmate Jerome Bartee where Bartee sustained a broken nose and extreme damage to an eye socket that required surgeons to place a metal plate in his face. Also, in 2017, detention officer Dylan Gooddard was indicted for the 2016 aggravated assault of a jail inmate. A surveillance video showed Goddard lifting up the inmate and body slamming him on his skull.

24. In the Fall, 2021, deputies staffing the Harris County Jail filed a federal class-action civil rights lawsuit targeting Harris County, its five commissioners, the County Judge, and Harris County Sheriff Ed Gonzalez. Citing numerous claims, including failure to provide security for inmates and adequate training for staff, the lawsuit called for an immediate injunction, federal oversight of the jail and compliance with basic state and federal jail standards.

25. In 2009, the United States Department of Justice's ("DOJ") memorandum, "Investigation of the Harris County Jail", concluded that certain conditions in the Jail violated detainees' constitutional rights. Pertinent to the instant case, two of the constitutional deficiencies included (1) that Harris County permitted its employees to use significant force without having measures in place that would enable it to review the propriety of such uses of force; and (2) that jail supervisors approved officers' use of force without investigating the need for that force. The DOJ submitted recommendations to the Harris County Judge, the Harris County Attorney, and the Harris County Sheriff. Nevertheless, violence against Harris County Jail detainees by jail employees continues.

26. **Requests for Information**: A request for information regarding the incident where Plaintiff was injured was made to the Harris County Sheriff's Office via the Texas Public Information Act. In a letter dated April 14, 2021 to the

Attorney General of Texas, the HCSO objected to the release of information and requested an open records letter ruling, stating that there was an open and active criminal investigation of alleged misconduct by a detention officer.

27. Detective Clayton Williams, Jr., Houston Police Department homicide division, conducted an investigation of the Plaintiff's incident and then referred the case to the Civil Rights Division of the Harris County District Attorney's Office. The case is scheduled for presentation to a Harris County grand jury in January, 2022.

28. During the course of his investigation, Det. Williams interviewed Plaintiff. Due to the severity of his injuries, however, Plaintiff remembers little to nothing about the incident.

29. In the course of the incident where Defendant Smith exercised excessive unlawful force against Plaintiff, causing Plaintiff severe injuries, Defendant Smith was acting in the course and scope of his employment as a Harris County Detention Officer, acting under the color of law, and under the practice and custom of Harris County.

30. Upon information and belief, the incident between Plaintiff and Defendant Smith was captured on video and there are witnesses to Defendant Smith's use of unlawful excessive force against Plaintiff.

## CAUSES OF ACTION

### Claims under the Civil Rights Act, codified as 42 U.S.C. Section 1983, and the Eighth and Fourteenth Amendments to the United States Constitution

31. Plaintiff hereby adopts, incorporates, restates, and realleges paragraphs 1 through 30 inclusive, with regard to all causes of action. And brings these claims against Jernard Smith, in his individual capacity; Ed Gonzalez as Policymaker, in his individual capacity, and Harris County in its adoption of policy.

32. <u>42 U.S.C. § 1983 provides</u>: Every person who, under color of any statute, ordinances, regulation, custom or usage, of any state or territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges, immunities, secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

33. <u>The Eighth Amendment to the United States Constitution states</u>: Excessive bail shall not be required, nor excessive finds imposed, nor cruel and unusual punishments inflicted.

34. <u>The Fourteenth Amendment to the United States Constitution states</u>:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

35. <u>Section 1983 cause of action</u>: The elements of a cause of action under Section 1983 against a governmental entity are:

   a. Plaintiff is deprived of rights under the United States Constitution;

   b. Such deprivation is caused by a person acting under color of state law;

   c. The governmental entity adopted, or failed to adopt, a policy statement, ordinance, regulation or decision adopted and promulgated by the governmental entity's lawmaking officers or by an official to whom the law makers delegate law-making authority or a persistent, widespread practice of officials or employees of the governmental entity which, though not authorized or officially adopted and promulgated, the policy is so common and well settled as to constitute a custom that fairly represents policy of the governmental entity; and

   d. The governmental entity was deliberately indifferent to the party's constitutional rights.

36. Defendants, acting under color of law and pursuant to the customs and policies of Harris County and Sheriff Gonzalez deprived Plaintiff of his constitutional rights, including his right to be free from excessive and unreasonable force in violation of the Eighth and Fourteen Amendments and pursuant to 42 U.S.C. § 1983.

37. Plaintiff's right to be free from excessive force as a detainee in the Harris County Jail was clearly established at the time of the incident.

## No Qualified Immunity

38. Plaintiff hereby adopts, incorporates, restates, and re-alleges paragraphs 1 through 30, inclusive, with regard to all causes of actions.

39. Harris County employees, Harris County Sheriff's Office employees and/or Harris County Jail employees can be entitled to qualified immunity to their individual liability, but this immunity is waived if the complaint shows the following:

    a. that the individual's acts deprived the party of constitutional rights under color of law;

    b. that the deprived rights were clearly established and constitutional rights which existed at the time of the acts; and

    c. that such acts were not objectively reasonable under the circumstances, that is, no reasonable official could have believed at the time that the conduct was lawful.

40. Harris County Jail personnel, including Detention Officer Smith, persons acting under color of state law, enforcing Harris County, Harris County Sheriff's Office and or Harris County Jail policies and procedures for the incarceration of persons, or by their failure to properly train in the handling of incarcerated persons, deprived Plaintiff of his civil liberties without due process of law by failing to ensure that he was not subject to excessive force.  By exercising excessive force on Plaintiff, Defendants violated Plaintiff's clearly established constitutional rights.

41. A reasonable detention officer and/or personnel at the Harris County Jail would have known that striking Plaintiff in the manner that Plaintiff was struck and that caused the Plaintiff life-threatening, permanently debilitating injuries, violated Plaintiff's constitutional rights.  The Defendant's actions were not objectively reasonable and were a known violation of the law.

## DAMAGES

42. Plaintiff hereby adopts, incorporates, restates, and re-alleges paragraphs 1 through 30, inclusive, with regard to all cause of action.

43. Based upon the operative facts plead above, such acts and omissions rise to the level of deliberate indifference and conscious indifference

constituting a violation of the Eighth and Fourteenth Amendments of the Constitution of the United States for which Plaintiff seeks recovery.

44. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly, and severally, constitute a direct and proximate cause of the injuries and damages set forth herein.  As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer damages on an amount to be proven at trial.

45. As a direct, proximate, and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, physical, mental, and psychological damages in the form of extreme and enduring worry, grief, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress in amounts within the jurisdictional limits of this Court, to be proved at trial.

46. In acting as alleged above, Defendants acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is entitled to recover punitive damages from Defendants in amounts to be proved at trial.

47. Defendants are vicariously liable for its employees, supervisors, officials, representatives, and all those acting in concert with them.

48. Defendants took such acts and omissions in a way that not only shocks the conscience but satisfies the criteria for punitive damages as set out by law and as contemplated by 42 U.S.C. § 1983.

## JURY DEMAND

49. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following:

A. A declaratory judgment that the policies, practices, acts, and omissions complained of herein violated Plaintiff's rights;

B. Compensatory damages for Plaintiff against Defendants;

C. All litigation expenses, pursuant to federal and state law, as noted against Defendants pursuant to 48 U.S.C. § 1988;

D. Award pre-and post-judgment interest;

E. Award punitive damages;

F. Award costs of court:

G. Retention of jurisdiction over Harris County until such time that the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions no longer exist and will not recur; and

H. Grant such other and further relief as appears reasonable and just, to which, Plaintiff shows himself entitled.

Respectfully submitted,

Fertitta Reynal, LLP

/s/F. Andino Reynal
F. Andino Reynal
State Bar No. 24060482
Joseph C. Magliolo, Jr.
State Bar No. 12821600
Lynn P. Hardaway
State Bar No. 08948520
917 Franklin, 6th Floor
Houston, Texas 77002
Phone:  713.228.5900
Facsimile: (713) 820-0681
areynal@frlaw.us
jmagliolo@frlaw.us
lhardaway@frlaw.us

*Counsel for Harold Grayson*